UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-07401-JJG |
| S&S STEEL SERVICES, INC. ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**FINAL APPLICATION OF ICE MILLER LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Ice Miller LLP ("Applicant"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), for its *Final Application of Ice Miller LLP for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel for the Official Committee of Unsecured Creditors* (the "Application"), states as follows:

**JURISDICTION AND FACTUAL BACKGROUND**

1. S&S Steel Services, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on August 31, 2015 (the "Petition Date").

2. The Debtor operated its business as debtor-in-possession until January 21, 2016 (the "Conversion Date"), when this was converted to a case under Chapter 7 of the Bankruptcy Code.

3. The Committee was appointed by the United States Trustee pursuant to Section 1102(a)(1) of the Bankruptcy Code on September 21, 2015.

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

I\9588709.1

5. On September 28, 2015, the Committee filed its *Application for Order Authorizing the Unsecured Creditors' Committee to Employ Ice Miller LLP as Local Counsel* (the "Original Employment Application") [Dkt. No. 41].

6. On October 9, 2015, Applicant filed its *Amended Application for Order Authorizing the Unsecured Creditors' Committee to Employ Ice Miller LLP as Local Counsel* (the "Employment Application") [Dkt. No. 70].

7. On November 19, 2015, the Court entered its *Order Authorizing the Unsecured Creditors' Committee under § 327(a) of the Bankruptcy Code to Retain and Employ Ice Miller LLP* (the "Employment Order") [Dkt. No. 104], wherein the Court authorized the employment of Applicant as counsel to the Committee as of September 22, 2015.

8. Pursuant to the terms of the Employment Order, on December 4, 2015, Applicant filed its *Amended Notice of Draw for Ice Miller LLP, Counsel for the Official Committee of Unsecured Creditors, for the Period September 22, 2015-October 31, 2015* (the "October Draw Request") [Dkt. No. 108]. On December 14, 2015, Applicant filed its *Notice of Draw for Ice Miller LLP, Counsel for the Official Committee of Unsecured Creditors, for the Period November 1, 2015* (the "November Draw Request") [Dkt. No. 126]. Finally on January 12, 2016, Applicant filed its *Amended Notice of Draw for Ice Miller LLP, Counsel for the Official Committee of Unsecured Creditors, for the Period December 1, 2015-December 31, 2015* (the "December Draw Request") [Dkt. No. 173].

9. Pursuant to the October Draw Request, Applicant received $12,298.00 in attorney fees and $1,715.45 as reimbursement for out-of-pocket expenses. Pursuant to the November Draw Request, Applicant received $5,476.00 in attorney fees and $20.40 as reimbursement for

out-of-pocket expenses.  Applicant did not receive any payment pursuant to its December Draw Request.

10.     On December 11, 2015, Wells Fargo Bank, National Association ("Wells Fargo") filed its *Notice of Event of Default under Fourth Interim Order Granting Debtor's First Day Motion for Authorization to Use Cash Collateral*, [Dkt. No. 122], notifying all parties in interest that the Debtor had defaulted on the terms of the *Fourth Interim Order Granting Debtor's First Day Motion for Authorization to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. § 361* (the "Fourth Interim Order") [Dkt. 105].

11.     On December 14, 2015 ("Carve-Out Notice Date"), Wells Fargo issued a Carve-Out Notice pursuant to paragraph 19 of the Fourth Interim Order.  Pursuant to the Fourth Interim Order, the Carve-Out Notice, and the *Fifth Interim Order Granting Debtor's First Day Motion for Authorization to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. § 361* entered on December 23, 2015, [Dkt. No. 148], Wells Fargo agreed that its liens and claims would be subject and subordinate to the payment of, *inter alia*, (1) "unpaid professional fees and expenses for the Committee (including the fees and expenses of its retained consultants, not to exceed $125,000 in the aggregate, that (x) have accrued prior to the delivery of a Carve Out Notice, and (y) are allowed, whether prior to or after the delivery of such Carve Out Notice;" and (2) "allowed but unpaid professional fees and expenses of the Debtor and the Committee accrued from and after the delivery of the Carve Out Notice, not to exceed $50,000 in the aggregate."

**REQUEST FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

12. By this Application, Applicant seeks allowance and payment of its attorney fees and expenses incurred from September 22, 2015 through the Conversion Date (the "Fee Period") for representing the Committee. Other than compensation paid pursuant to the October Draw Request and the November Draw Request, Applicant has not received any additional compensation in this case or reimbursement of expenses. Applicant does not hold any retainer with respect to this case.

**Summary of Service Performed**

13. Pursuant to the Employment Order, Applicant provided a variety of necessary services to the Committee during the Fee Period, including the following services:

Case Administration: Applicant's work focused on a variety of matters generally related to case administration, including reviewing the Debtor's Schedules and Statement of Financial Affairs and attended the Section 341 Meeting of Creditors.

Cash Collateral: Applicant reviewed and advised the Committee regarding the Debtor's motion seeking authority to use Cash Collateral and attended each of the interim hearings regarding the Debtor's use of Cash Collateral.

Claims Administration: Applicant reviewed and advised the Committee regarding the validity and priority of Wells Fargo's claims against the Debtor. Additionally, Applicant communicated with various unsecured creditors of the Debtor regarding their claims against the Debtor.

Asset Analysis & Recovery: Applicant reviewed and advised the Committee regarding the Debtor's motion under Section 363 of the Bankruptcy Code to sell substantially all of its assets (the "Sale Motion"). Applicant also prepared and served discovery requests on the Debtor

regarding its Sale Motion. Finally, Applicant assisted with the preparation for and attendance at the hearing on the Debtor's Sale Motion.

Fee/Employment Applications: During the Fee Period, Applicant prepared and filed applications for employment for Applicant, Fox Rothschild LLP, and Calderone Advisory Group, LLC. Applicant also prepared and assisted with filing motions for pro hac vice admission for the attorneys from Fox Rothschild LLP that were representing the Committee. Finally, Applicant reviewed billing entries and prepared and filed the monthly draw requests for Applicant, Fox Rothschild LLP, and Calderone Advisory Group, LLC. Finally, Applicant reviewed billing entries and prepared and filed the present Application.

14. The above descriptions serve as a general overview of the services provided by Applicant. A complete description of all services performed is detailed on the attached statements as Exhibit "A."

15. The billing statements attached hereto as Exhibit "A" identify the hours worked by professionals, the hourly rates, and a break out of time into-matter related defined categories of service, along with a breakdown of expenses.

16. Applicant's attorneys rendered services to the Committee during the Fee Period for the services described in this Application with the time billed and hourly charges summarized as follows:

| **Professional** | **Title** | **Hourly Rate** | **Hours** | **Amount** |
|---|---|---|---|---|
| Henry Efroymson | Partner | $500.00 | 24.3 | $12,150.00 |
| Victoria Powers | Partner | $500.00 | .3 | $150.00 |
| Rob Stefancin | Partner | $465.00 | 3.3 | $1,551.00 |

I\9588709.1

| Jonathon Groza | Associate | $295.00 | 3.5 | $1,032.50 |
| Sarah Fowler | Associate | $275.00 | 110.7 | $30,442.50 |
| **Total** | | | | $45,326.00 |

17. Of the total attorney fees and expenses incurred by Applicant during the Fee Period, attorney fees in the amount of $24,328.50 and expenses in the amount of $1,938.22 were incurred prior to the Carve-Out Notice Date. Attorney fees in the amount of $20,991.50 and expenses in the amount of $1,004.52 were incurred on or after the Carve-Out Notice Date.

18. Applicant requests an order allowing compensation in the amount of $45,326.00 for attorney fees incurred during the Fee Period and reimbursement of expenses totaling $2,942.74. All of the services performed by Applicant are set forth on Exhibit "A" and have been billed at the hourly rates established by Applicant in the Employment Application.

19. Applicant understands that there is only a $50,000 carve-out for professional fees post Carve-Out Notice and that an allocation of these fees will be determined by and among the various professionals. To the extent there are amounts remaining due and owing after the allocation, those fees will be chapter 11 administrative claims.

20. Pursuant to Section 330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Applicant is entitled to allowance of fees and reimbursement of expenses set forth in this Application. Applicant's services are properly compensable, were actual and necessary services and expenses of administration of the estate, and have helped the Committee fulfill its duties under the Bankruptcy Code.

WHEREFORE, Applicant request that the Court enter an Order approving this Application and (i) allowing compensation to Applicant for attorney fees in the amount of

$45,326.00; (ii) allowing reimbursement to Applicant for out-of-pocket expenses in the amount of $2,942.74; (iii) authorizing Wells Fargo to pay Applicant the sum of $6,756.87, representing 100% of its allowed attorney fees and out-of-pocket expenses prior to December 14, 2015 less the $19,509.85 in previously received attorney fees and out-of-pocket expenses, and to pay Applicant its allowed attorney fees and out-of-pocket expenses prior from and after December 14, 2015 pursuant to paragraph 18 above; and (iv) granting Applicant all other just and proper relief.

Respectfully submitted,

By: /s/  Sarah L. Fowler
Henry A. Efroymson, Atty. No. 6427-49
Sarah L. Fowler, Atty. No. 30621-49
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2120 Telephone
(317) 592-4257 Facsimile
Henry.Efroymson@icemiller.com
Sarah.Fowler@icemiller.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2016, a true and correct copy of the foregoing was served upon the parties on the following parties *via* the Court's ECF notification system on those parties receiving electronic notification.

| | |
|---|---|
| Kayla Britton | kayla.britton@faegrebd.com |
| Jay Jaffe | jay.jaffe@faegrebd.com |
| Beth Kramer | beth.kramer@usdoj.gov |
| Jay P. Kennedy | jpk@kgrlaw.com |
| James A. Knauer | jak@kgrlaw.com |
| Harley K. Means. | hkm@kgrlaw.com |
| Amanda Dalton Stafford | ads@kgrlaw.com |
| Henry A. Efroymson | henry.efroymson@icemiller.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Sarah Lynn Fowler | Sarah.Fowler@icemiller.com |
| Paul J. Labov | plabov@foxrothschild.com |
| Michael G. Menkowitz | mmenkowitz@foxrothschild.com |
| Gregory Ostendorf | gostendorf@scopelitis.com |
| John Thomas Piggins | pigginsj@millerjohnson.com |
| Randall L. Woodruff | rlwtrustee@comcast.net |

I further certify that on February 25, 2016, a copy of the foregoing was mailed by first class U.S. Mail, postage prepaid, and properly addressed to the following:

N/A

/s/ Sarah L. Fowler
Sarah L. Fowler