SO ORDERED: April 11, 2016.



Jeffrey J. Graham
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-07401-JJG |
| S&S STEEL SERVICES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION TO EMPLOY ICE MILLER LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE**

This matter is before the Court on the *Application to Employ Ice Miller LLP as Special Counsel to Chapter 7 Trustee* (the "Application") pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code,[1] Fed. R. Bankr. P. 2014, and S.D. Ind. B-2014.

The Court having reviewed the Application and the *Affidavit of Henry Efroymson in Support of Application to Employ Ice Miller LLP as Special Counsel to Chapter 7 Trustee* (the

---

[1] Capitalized terms not otherwise defined herein have the same meaning given them in the Application and Efroymson Affidavit.

"Efroymson Affidavit"), submitted in support of the Application; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2); (c) venue of this case and the Application is proper pursuant to 28 U.S.C. § 1409; (d) notice of the Application was sufficient under the circumstances; and (e) all objections to the Application have been withdrawn; and the Court having determined that the legal and factual bases set forth in the Application and the Efroymson Affidavit establish just cause for the relief requested in the Application:

**IT IS THEREFORE ORDERED THAT:**

1. The Application shall be, and hereby is, GRANTED.

2. The Trustee is authorized to employ Ice Miller LLP ("Ice Miller") as special counsel in this chapter 7 case, as of January 21, 2016, pursuant to the terms set forth in the Application.

3. Specifically, Ice Miller shall be compensated on a contingent-fee basis as follows:

   a. 20% of the recovery of any Non-Insider Avoidance Action resolved prior to filing suit;

   b. 25% of the recovery of any Non-Insider Avoidance Action resolved after a complaint is filed but before one month prior to the trial date;

   c. 35% of the recovery of any Non-Insider Avoidance Action resolved within one month of trial or after going through trial; and

   d. 40% of the recovery of any Non-Insider Avoidance Action if there is an appeal.

These fees shall be calculated on the net recovery after costs and expenses are paid or reimbursed from the recovery. Ice Miller will not be compensated for any fees incurred in its role as local counsel for the Insider Actions. Ice Miller will also be reimbursed for any actual and necessary

expenses incurred in its representation of the Trustee in either the Non-Insider Avoidance Actions or the Insider Actions.

      4.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###