SO ORDERED: March 23, 2017.



Jeffrey J. Graham
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| S&S STEEL SERVICES, INC. | ) | Case No. 15-07401-JJG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |

**ORDER GRANTING MOTION TO COMPROMISE AND SETTLE
CLAIMS PURSUANT TO FED. R. BANKR. P. 9019**

This matter came before the Court on the *Motion to Compromise and Settle Claims Pursuant to Fed. R. Bankr. P. 9019* (the "Motion") filed by Randall L. Woodruff ("Trustee"), Chapter 7 Trustee for the bankruptcy estate of S&S Steel Services, Inc. ("Debtor") and the *Limited Objection of Wells Fargo Bank, National Association to Motion to Compromise and Settle Claims Pursuant to Fed. R. Bankr. P. 9019* ("Objection") filed by Wells Fargo Bank, National Association ("Wells Fargo"). The Court, having reviewed the Motion and the Objection and being duly advised in the premises and a hearing having been conducted on March 22, 2017, now finds and concludes that:

A.  Pursuant to the *Fifth Interim Order Granting Debtor's First Day Motion for Authorization to use Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. § 361* [Docket No. 148] ("Cash Use Order"), Wells Fargo is entitled to an administrative expense claim allowable under section 503(b)(1) of the Bankruptcy Code with priority as provided under section 507(b) of the Bankruptcy Code to the extent the adequate protection provided under the Cash Use Order was inadequate to protect Wells Fargo from the use of its cash collateral and the diminution in value of its interest in its prepetition collateral.

B.  Pursuant to the Cash Use Order and the *Stipulation and Agreed Entry Allowing Administrative Expense Claim of Wells Fargo Bank, National Association* [Docket No. 268] ("Stipulation"), Wells Fargo has an allowed superpriority administrative expense claim arising under section 507(b) of the Bankruptcy Code in the amount of $1,066,283.00 (the "Allowed 507(b) Claim").

C.  Wells Fargo agreed to one self-imposed limitation to the priority of the Allowed 507(b) Claim. Pursuant to paragraph 8(b) of the Cash Use Order, the Allowed 507(b) Claim "shall have priority with respect to 50% of the Avoidance Action Recoveries [as defined in the Cash Use Order] of each dollar of Avoidance Action Recoveries as and when they are received…" *See also* Stipulation, ¶ 7.

D.  Wells Fargo and the Trustee agreed in the Stipulation that allowed chapter 7 administrative expense claims ("Chapter 7 Administrative Expense Claims") would have priority over the Allowed 507(b) Claim.

E.  The Trustee made demand on other creditors ("Additional Transfer Recipients") for payments they received during the ninety day period prior to the Petition Date (as defined in the Motion). Certain Additional Transfer Recipients paid to the Trustee the full

amount owed to the Debtor's bankruptcy estate, and the Trustee is in possession of checks from such Additional Transfer Recipients in the aggregate amount of $18,249.11 ("Full Pay Recoveries"),[1] of which, $9,448.29 was received from the Additional Transfer Recipients prior to filing a complaint and $8,800.82 was received from the Additional Transfer Recipients after filing a complaint.

      F.    Pursuant to the *Order Granting Motion to Employ Ice Miller LLP as Special Counsel to the Chapter 7 Trustee* [Docket No. 253], Ice Miller LLP is entitled to a twenty percent (20%) contingency fee of any non-insider avoidance action resolved prior to filing suit and a twenty-five percent (25%) contingency fee of any non-insider avoidance action resolved after a complaint is filed but before one month prior to the trial date, which applies to the aggregate recoveries in the proposed Settlements and the Full Pay Recoveries ("Ice Miller Contingency Fee"). In addition, the Trustee is entitled to his statutory fee on recoveries under section 326 of the Bankruptcy Code ("Statutory Fee").

      G.    Good and sufficient cause exists for the granting of the relief requested in the Motion. Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Motion, as modified by this Order, is GRANTED in its entirety.

2. The Objection is resolved by the inclusion of language to paragraphs 5-8 of this Order.

3. The Trustee is authorized to compromise and settle the claims set forth in the Motion with the following Transfer Recipients on the terms more specifically set forth in the Settlement Agreements:

---

[1] The Full Pay Recoveries do not require Court approval under Rule 9019, as the Additional Transfer Recipients agreed to pay the full amount of the claim.

| |
|---|
| Access Steel Supply LLC |
| Alro Steel Corp. |
| Alto Steel Co. Inc. |
| Barnes Thornburg LLP |
| Cargill, Incorporated |
| Eagle Capital Corp. |
| Eagle Steel Corp. |
| Efreightship, LLC |
| Esmark Steel Group-Midwest LLC |
| Harvard Steel Sales LLC |
| Heidtman Steel Products Inc. |
| K & M Transport LLC |
| Kenwal Canada, Inc., Kenwal Steel Tennessee LLC, and Kenwal Steel Corp. |
| Synchrony Bank |
| Metals USA |
| Miami Valley Steel |
| Mode Transportation LLC |
| Monarch Steel Co. Inc. |
| National Material Co. |
| Packaging Systems of Indiana |
| Pioneer Lumber Company |
| Royal Metal Industries Inc. |
| Steel Spectrum |
| Steel Technologies Inc. |
| Surplus Metals Corp. |
| Taylor Steel Inc.-Canada |
| The Universal Steel Company |
| Viking Materials Inc. |
| Vision Metals, LLC |

(collectively, the "Settlements").

   4.  The Trustee is authorized to execute all necessary documents and releases required to complete the Settlements.

   5.  For purposes of this Order, the Statutory Fee is currently estimated to $17,226.88 pursuant to the formula prescribed by section 326(a) of the Bankruptcy Code based on the gross recoveries under the Settlements and the Full Pay Recoveries. This Order shall not be deemed to impair or affect the Trustee's right to receive the full amount of the Statutory Fee to which he is entitled, as calculated at the conclusion of the above-captioned case.

6.     The Trustee shall retain a holdback from the proceeds of the Settlements and the Full Pay Recoveries to pay estimated allowed Chapter 7 Administrative Expense Claims ("Chapter 7 Administrative Expense Claim Holdback"). To the extent the estimated amounts of the Statutory Fee and the Chapter 7 Administrative Expense Claim Holdback under this Order and subsequent orders of this Court (collectively, the "Holdback") exceed the final determinations of such amounts ("Excess Holdback"), the Trustee shall pay 50% of such Excess Holdback to Wells Fargo, and the balance of such Excess Holdback shall be distributed pursuant to the Bankruptcy Code or further order of this Court. To the extent the Holdback is insufficient to pay the final Statutory Fee and allowed Chapter 7 Administrative Expense Claims ("Shortfall"), the Trustee shall recover 50% of the Shortfall from Wells Fargo, and the balance of the Shortfall shall be paid by the Debtor's bankruptcy estate.

7.     The amount to be paid to Wells Fargo pursuant to its Allowed 507(b) Claim for proceeds of the Settlements and Full Pay Recoveries shall be calculated as follows:

| Gross Recoveries under Settlements | $207,538.53 |
|---|---|
| Full Pay Recoveries | $18,249.11 |
| **Subtotal** | **$225,787.64** |
| Less Ice Miller Contingency Fee ($45,597.58) and the Statutory Fee ($17,226.88) | $62,824.46 |
| Less Chapter 7 Administrative Expense Claim Holdback | $9,340.73 |
| **Net Recoveries** | **$153,622.45** |
| **50% Payment to Wells Fargo** | **$76,811.23** |

8.     The Trustee is authorized and directed to pay to Wells Fargo within thirty (30) days of the date of this Order the amount of $76,811.23 to be applied to its Allowed 507(b) Claim.

###