## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("**Agreement**") is made effective this 18 day of January, 2017, by and between Randall L. Woodruff, as Chapter 7 Trustee of the Bankruptcy Estate of S&S Steel Services, Inc. ("**Trustee**"), and Nucor Castrip Arkansas ("**Transferee**" and together with the Trustee, the "**Parties**").

### RECITALS

A. On August 31, 2015 (the "**Petition Date**"), S&S Steel Services, Inc. ("**Debtor**") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Indiana under Case No. 15-07401 (the "**Bankruptcy Case**"). The Debtor operated as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code until January 21, 2016, when the case was converted to a case under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed.

B. The Trustee has made demand on the Transferee for the avoidance and recovery of alleged preferential transfers totaling $84,990.52 (the "**Transfers**") pursuant to Chapter 5 of the Bankruptcy Code that were made by the Debtor to the Transferee during the 90 days prior to the Petition Date (the "**Avoidance Claims**").

C. The Transferee has asserted certain defenses to the Avoidance Claims, including but not limited to that the transfers were made in the ordinary course of business.

D. After settlement negotiations between the Trustee and the Transferee, subject to Bankruptcy Court Approval (defined below), the Parties have agreed to enter into this Agreement.

### AGREEMENT

**NOW, THEREFORE**, in consideration of the Recitals, the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Incorporation of Recitals.</u> The foregoing recitals are true and correct and incorporated herein as substantive provisions and not as mere recitals.

2. <u>Payment by the Transferee to the Trustee.</u> Within five (5) business days of the Bankruptcy Court Approval, the Transferee shall deliver to Bose McKinney & Evans, counsel to the Trustee, c/o Weston E. Overturf, 111 Monument Circle, Suite 2700, Indianapolis, Indiana 46204, a check made payable to "The Bankruptcy Estate of S&S Steel Services, Inc." in the amount of $67,992.42 (the "**Settlement Amount**").

I\11333089.1

**EXHIBIT A**

3. **Motion to Approve Agreement.** On or before January 21, 2017, the Trustee shall file a Motion to Compromise in the Bankruptcy Case requesting that the bankruptcy court approve this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Motion**"). The Parties acknowledge that this Agreement is subject to Bankruptcy Court Approval (defined hereafter). In the event the Motion is denied, the release provided herein shall be of no effect.

4. **Release of the Transferee by the Trustee.** Effective upon Bankruptcy Court Approval of this Agreement, the Trustee, on behalf of Debtor's bankruptcy estate and the Debtor and the Debtor's estate, and their respective employees, affiliates, predecessors, successors, assigns, agents, trustees, representatives, attorneys, and insurers, past and present, and all persons acting by, through or under or in concert with any of them (collectively referred to as the "**Trustee & Agents**"), and each of them, hereby release, acquit, and forever discharge the Transferee and each of its respective owners, investors, parents, shareholders, directors, members, officers, employees, divisions, subsidiaries, affiliates, predecessors, successors, assigns, estates, agents, trustees, representatives, attorneys and insurers, past and present, and all persons acting by, through, under, or in concert with any and all of them (collective, referred to as "**Transferee & Agents**"), and each of them, of and from any and all obligations, claims, actions, causes of action, suits, proceedings, demands, damages, liabilities, costs and expenses (including attorneys' fees), whether known or unknown, against any or all of them, arising out of or related to the Transfers or the Avoidance Claims, except for the obligations of Transferee & Agents under this Agreement.

5. **Release of the Trustee by the Transferee.** Effective upon Bankruptcy Court Approval of this Agreement, the Transferee, Transferee & Agents, and each of them, hereby release, acquit and forever discharge, the Trustee & Agents, and each of them, of and from any and all obligations, claims, actions, causes of action, suits, proceedings, demands, damages, liabilities, cost and expenses (including attorneys' fees), whether known or unknown, against any or all of them, arising out or of or related to the Transfers or the Avoidance Claims, except for the obligations of the Trustee & Agents under this Agreement; provided however, that Transferee does not waive its right to file a claim against the Debtor's estate relating to the Agreement pursuant to Bankruptcy Code section 502(h). Notwithstanding anything set forth in this paragraph to the contrary, the Transferee is not waiving and does not waive its rights with respect to any claim allowed under 502(a) or 502(b) of the Bankruptcy Code.

6. **Bankruptcy Court Approval.** "**Bankruptcy Court Approval**" means that the Bankruptcy Court in the Bankruptcy Case shall have entered a Final Order (as defined below) which approves this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

7. **Final Order.** "**Final Order**" means an order or judgment of the Bankruptcy Court in the Bankruptcy Case as entered on the docket of such court which order has not been reversed, stayed, modified, or amended, and as to which: (a) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely-filed

2

appeal or petition for review, rehearing, remand, or certiorari is pending; or (b) any motion for review or rehearing filed, appeal taken, or petition for certiorari filed has been resolved by the highest court to which the order or judgment was or may be appealed or from which certiorari was or may be sought.

8. <u>Tolling of Statute of Limitations.</u>  In the event Bankruptcy Court Approval of this Agreement is not obtained, the Parties agree that the statute of limitations for the Trustee to file any action arising from or related to the Transfer shall be tolled and shall be extended for a period of thirty (30) days following the Bankruptcy Court's Order denying approval of the settlement.

9. <u>Time is of the Essence</u>.  The Parties understand and agree that time is of the essence for all obligations under this Agreement.

10. <u>No Admission of Liability.</u>  The Parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

11. <u>Settlement Discussions.</u>  Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received into evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary (a) to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

12. <u>Authority to Execute.</u>  Each person signing this Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to bind such Party to the terms and conditions of this Agreement (and, in the event of the execution of this Agreement by counsel, that his or her client has full knowledge and has consented to this Agreement), and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

13. <u>Voluntary Actions of the Parties.</u>  The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement.  The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel, if any (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Agreement.

14. <u>Attorneys' Fees.</u>  In the event that an action is commenced by any Party to enforce the provisions of this Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses,

3

3135895

including attorneys' fees, incurred in connection with said action.

15. <u>Contributions to Preparation of Agreement.</u> The Parties acknowledge, covenant, and agree that each of them has read this Agreement and understand its terms, including the legal consequences thereof, and that in offering to make, and in making, executing and delivering this Agreement, none of them was acting under any duress, undue influence, misapprehension, or misrepresentation by any party or any agent, attorney, or representative of any party, and that this Agreement was made, executed and delivered as the free and voluntary act of each party and was given in good faith on the part of each party with full knowledge of all relevant facts and circumstances as presented. The Parties further acknowledge that each of them was represented by counsel in connection with this Agreement.

16. <u>Entire Agreement.</u> Except as otherwise provided, this Agreement contains the entire agreement between the Parties and no representations or promises, other than those contained or referred to herein, have been made by any party to any other party to secure the execution of this Agreement, either before or after the dispute arose.

17. <u>Binding Agreement.</u> This Agreement shall bind and inure to the benefit of the Parties and their respective legal representatives, heirs, successors and assigns.

18. <u>Choice of Law.</u> The parties agree that this Agreement is governed by the laws of the State of Indiana.

19. <u>Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns, including with respect to the Transferee, any trustees in bankruptcy.

20. <u>Execution in Counterparts</u>. This Agreement may be executed by any number of counterparts, each of which will be deemed an original document, but all of which will constitute a single document, provided, however, that this Agreement shall not be binding on or constitute evidence of a contract between the Parties until such time as a counterpart of this Agreement has been executed by each party and a copy thereof delivered via facsimile or email to each party to this Agreement or it/his/her counsel.

21. <u>Captions</u>. The captions to this Agreement are inserted for convenience of reference only and in no way define, describe, or limit the scope or intent of this Agreement or any of the provisions hereof.

22. <u>No Oral Modifications</u>. No waiver, modification, amendment, discharge or change of this Agreement, except as otherwise provided herein, shall be valid unless the same is in writing and signed by the Parties against whom the enforcement of such modification, waiver, amendment, discharge or change is sought. No waiver of any particular provision shall constitute a waiver of any other provision of this Agreement.

4

3135895

Any such waiver or consent shall be effective only in the specific instances and for the purpose specifically stated therein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

"Trustee"

Randall L. Woodruff, as and only as Chapter 7 Trustee of the Bankruptcy Estate of S&S Steel Services, Inc.

By: ___RLWoodruff___
Randall L. Woodruff

"Transferee"

Nucor Castrip Arkansas

By: ___MMS___
Printed: ___MARK M. SYKES___
Title: ___CLERK MGR___

STATE OF __Arkansas__ )
                      ) SS:
COUNTY OF __Mississippi__ )

Before me, a Notary Public in and for said County and State, personally appeared __Mark Sykes__, and acknowledged the execution of the foregoing Settlement Agreement and Mutual Release.

Witness my hand and Notarial Seal this __18__ day of January, 2017.

___Amanda Stockman___
Notary Public

My Commission Expires: 3-25-24

Resident of __Mississippi__ County

AMANDA F STOCKMAN
NOTARY PUBLIC - ARKANSAS
MISSISSIPPI COUNTY
My Commission Expires 03-25-2024
Commission No. 12397836

5

3135895