UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| S&S STEEL SERVICES, INC. | ) | Case No. 15-07401-JJG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |

**APPLICATION OF ICE MILLER LLP FOR FINAL ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL
COUNSEL TO THE CHAPTER 7 TRUSTEE**

Ice Miller LLP ("Applicant"), as special counsel to Randall L. Woodruff ("Trustee"),

Chapter 7 Trustee for the bankruptcy estate of S&S Steel Services, Inc. ("Debtor"), for its

*Application of Ice Miller LLP for Final Allowance and Payment of Compensation and*

*Reimbursement of Expenses as Special Counsel to the Chapter 7 Trustee* (the "Application"),

states as follows:

**JURISDICTION AND FACTUAL BACKGROUND**

1.      This court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and

1334(b) and the resolution of this application constitutes a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A).

2.      The Court has authority to grant the relief requested in this application pursuant to

11 U.S.C. §§ 327(e), 330, and 331.

3.      On August 31, 2015 (the "Petition Date"), the Debtor filed a voluntary petition

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division.  [Dkt. No.

1].

I\13199449.1

4.      Following a sale of substantially all of the Debtor's assets, on January 21, 2016, the Court entered the *Order Converting Case to Chapter 7*.  [Dkt. No. 180].

5.      The Trustee was appointed pursuant to the Notice of Chapter 7 Bankruptcy Case filed on January 21, 2016.  [Dkt. No. 181].

6.      One of the Trustee's duties is to collect and reduce to money property of the estate, including avoidance and recovery of preferential transfers under Section 547 of the Bankruptcy Code.

7.      On February 11, 2016, the Trustee filed his *Application to Employ Ice Miller LLP as Special Counsel to the Chapter 7 Trustee* [Dkt. No. 196] (the "Employment Application") seeking to employ the Applicant to pursuant any and all avoidance actions the estate has against any entity other than insiders of the Debtors, as defined in Section 101(31)(B) of the Bankruptcy Code (the "Non-Insider Avoidance Actions").

8.      As set forth in the Employment Application, the Trustee sought to employ the Applicant on a contingent-fee basis as follows:

    a.      20% of the recovery of any Non-Insider Avoidance Action resolved prior to filing suit;

    b.      25% of the recovery of any Non-Insider Avoidance Action resolved after a complaint is filed but before one month prior to the trial date;

    c.      35% of the recovery of any Non-Insider Avoidance Action resolved within one month of trial or after going through trial; and

    d.      40% of the recovery of any Non-Insider Avoidance Action if there is an appeal.

9.      Additionally, the Applicant would be reimbursed for any actual and necessary expenses incurred in its representation of the Trustee in either the Non-Insider Avoidance Action or any avoidance actions being pursued by the Trustee against insiders of the Debtor.

I\13199449.1

10.     On April 11, 2016, this Court entered the *Order Granting Motion to Employ Ice Miller LLP as Special Counsel to Chapter 7 Trustee* approving the Applicant's retention on the terms set forth in the Employment Application [Dkt. No. 253] (the "Employment Order").

11.     On July 20, 2017, the Applicant filed its *First Interim Application of Ice Miller LLP for Allowance and Payment of Compensation and Reimbursement of Expenses as Special Counsel to the Chapter 7 Trustee for Services Rendered from January 21, 2016 through July 18, 2017* [Dkt. No. 446] (the "Interim Compensation Application").  On August 25, 2017, the Court entered its *Order Granting First Interim Application of Ice Miller LLP for Allowance and Payment of Compensation and Reimbursement of Expenses as Special Counsel to the Chapter 7 Trustee for Services Rendered from January 21, 2016 through July 18, 2017* [Dkt. No. 476] (the "Interim Compensation Order").

12.     The Interim Compensation Order allowed Applicant Interim Compensation in the amount of $65,863.46 and approved and authorized reimbursement of expenses in the amount of $7,200.41.  The professional fees and expenses were incurred from January 21, 2016 and July 18, 2017 (the "Interim Compensation Period").  The amounts authorized by the Interim Compensation Order were paid to Applicant.  Thus, with respect to Applicant's professional fees incurred during the Interim Compensation Period, Applicant has received a total of $65,863.46 toward Applicant's allowed professional fees and reimbursement of expenses in the total sum of $7,200.41.

13.     In addition to the professional fees and expenses incurred from during the Interim Compensation Period, Applicant has provided professional services to the Trustee from July 18, 2017 to June 18, 2018 (the "Subsequent Compensation Period") in the total sum of $41,758.82.  Applicant also incurred expenses during the Subsequent Compensation Period in the total sum of

3

I\13199449.1

$4,403.46.  An itemization of the expenses incurred during the Subsequent Compensation Period

is attached as Exhibit A and incorporated herein.

**REQUEST FOR COMPENSATION**
**AND REIMBURSEMENT OF FEES AND EXPENSES**

14.    Applicant requests the Court enter an order pursuant to section 330 of the

Bankruptcy Code (a) allowing final compensation for professional services provided to the

Trustee during the Subsequent Compensation Period in the total sum of $41,758.82 and; (b)

approving reimbursement of expenses incurred during the Subsequent Fee Period on a final basis

in the sum of $4,403.46; (c) approving on a final basis all prior payments of interim

compensation and reimbursement of expenses to Applicant during the Interim Compensation

Period; and (d) directing that payment of all allowed final compensation and approved expense

reimbursement shall be paid by the Trustee.

15.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.  Section 330 provides that a Court may

award a professional employed under section 327 of the Bankruptcy Code "reasonable

compensation for actual, necessary services rendered [and] reimbursement for actual, necessary

expenses."  Section 328 of the Bankruptcy Code provides that the Trustee employment of

professionals under section 327 may be on any reasonable terms, including on a contingent fee

basis.

16.    During the Subsequent Fee Period, the Applicant has recovered and collected

$44,500.00 on behalf of the estate from Non-Insider Avoidance Actions resolved prior to filing

suit (the "Pre-Complaint Recovery").  Additionally, the Applicant has recovered and collected

4

$120,235.29 on behalf of the estate from Non-Insider Avoidance Actions resolved after a complaint was filed but before one month prior to the trial date (the "Pre-Trial Recovery"). Finally, the Applicant has recovered and collected $8,000.00 on behalf of the estate from Non-Insider Avoidance Action resolved within one month of the trial date (the "Trial Recovery").

17.      In the course of performing these services for the Trustee, the Applicant has incurred actual and necessary expenses of $4,403.46 including charges for postage, photocopying, filing fees, travel expenses, and courier service.

18.      Pursuant to the terms set forth in the Employment Application and Employment Order, the Applicant is entitled to fees in the amount $41,758.82 and reimbursement of actual and necessary expenses in the amount of $4,403.46, for total compensation of $46,162.28, calculated as follows:

| | |
|---|---|
| 20% of Pre-Complaint Recovery | $8,900.00 |
| 25% of Pre-Trial Recovery | $30,058.82 |
| 35% of Trial Recovery | $2,800.00 |
| **Total Fees Sought by Applicant** | **$41,758.82** |
| Actual and Necessary Expenses | $4,403.46 |
| **Total Sought by Applicant** | **$46,162.28** |

19.      In this case, the Applicant submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value of the estate. Such services and expenditures were necessary to and in the best interests of the estate and creditor. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtor, the estate, and all parties in interest.

20.      All services rendered on behalf of the Trustee and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively on behalf

of the Trustee and represent necessary and proper legal assistance in the administration of this chapter 7 case.

21.    No agreement or understanding exists between the Applicant and any other person or entity for the sharing of compensation received for services rendered in connection with this case.

WHEREFORE, the Applicant respectfully requests that the Court enter an Order:

(a) Approving and allowing final compensation for professional services provided to the Trustee during the Subsequent Compensation Period in the total sum of $41,758.82 (the "Fees");

(b) Approving reimbursement of expenses incurred during the Subsequent Fee Period on a final basis in the sum of $4,403.46 (the "Expenses");

(c) Approving on a final basis all prior payments of interim compensation and reimbursement of expenses to Applicant during the Interim Compensation Period;

(d) Directing the Trustee to pay to the Applicant the Fees and Expenses; and

(e) Granting all other just and proper relief.

Respectfully submitted,

ICE MILLER LLP

By: /s/ Sarah L. Fowler
Sarah L. Fowler, Atty. No. 30621-49
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2120 Telephone
(317) 592-4257 Facsimile
Sarah.Fowler@icemiller.com

*Counsel for the Trustee*

6

I\13199449.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Kayla D. Britton | kayla.britton@faegrebd.com |
| Jay Jaffe | jay.jaffe@faegrebd.com |
| Beth Kramer | beth.kramer@usdoj.gov |
| Sarah L. Fowler | sarah.fowler@icemiller.com |
| Paul J. Labov | plabov@foxrothschild.com |
| Jason C. Manfrey | jmanfrey@foxrothschild.com |
| Michael G. Menkowitz | mmenkowitz@foxrothschild.com |
| Gregory Ostendorf | gostendorf@scopelitis.com |
| John Thomas Piggins | pigginsj@millerjohnson.com |
| Deborah J. Caruso | dcaruso@rubin-levin.net |
| Meredith R. Theisen | mtheisen@rubin-levin.net |
| Henry A. Efroymson | henry.efroymson@icemiller.com |
| James P. Maloy | jmoloy@boselaw.com |
| Weston Erick Overturf | woverturf@boselaw.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| Randall L. Woodruff | rlwtrustee@comcast.net |
| Neal Anthony Brackett | nbrackett@btlaw.com |
| Terry M. Giebelstein | tgiebelstein@l-wlaw.com |
| Barry David Goloboff | bgoloboff@sbcglobal.net |
| Jeffrey M. Hester | jhester@hbkfirm.com |
| Julie L. Hieatt | attorney9116@gmail.com |
| Michael W. Hile | mhile@jacobsonhile.com |
| Christine K. Jacobson | cjocobson@jacobsonhile.com |
| Dana S. Katz | dkatz@foxrothschild.com |
| John B. LaRue | bankruptcy@johnblarue.com |
| John Hubbs Lewis | lewis@lewisandwilkins.com |
| Whitney L. Mosby | wmosby@bgdlegal.com |
| Mark R. Owens | mowens@btlaw.com |
| Wesley N. Steury | Steury@burtblee.com |
| Jonathan David Sundheimer | jsundheimer@btlaw.com |
| Elizabeth C. Viele | eviele@foxrothschild.com |
| James T. Young | james@rubin-levin.net |

I further certify that on June 21, 2018, a copy of the foregoing document was mailed by first-class U.S. Mail, postage prepaid, or via electronic transmission by this office, and properly addressed to the following:

N/A

/s/ Sarah L. Fowler
Sarah L. Fowler

I\13199449.1