UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-07401-JJG |
| S&S STEEL SERVICES, INC., ) | Chapter 7 |
| ) | |
| Debtor. ) | |

### APPLICATION TO EMPLOY MATTINGLY BURKE COHEN & BIEDERMAN LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE AS OF JUNE 25, 2018

Randall L. Woodruff, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of S&S Steel Services, Inc. ("Debtor"), pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, and S.D. Ind. B-2014, files his *Application to Employ Mattingly Burke Cohen & Biederman LLP as Counsel to the Chapter 7 Trustee as of June 25, 2018* (the "Application"). In support of this Application, the Trustee states as follows:

### JURISDICTION AND FACTUAL BACKGROUND

1. On August 31, 2015 (the "Petition Date"), S&S Steel Services, Inc. (the "Debtor") filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On January 21, 2016 (the "Conversion Date"), the Court entered the *Order Converting Case to Chapter 7* [Dkt. No. 180]. The Trustee was appointed pursuant to the *Notice of Chapter 7 Bankruptcy Case* [Dkt. 181] filed on January 21, 2016.

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory grounds for the relief sought in the Application are §§ 328(a) and 1103(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014, and S.D. Ind. B-2014.

**RELIEF REQUESTED**

5. By this Application, the Trustee respectfully requests that this Court enter an Order authorizing and approving the employment of Mattingly Burke Cohen & Biederman LLP ("MBCB"), as general counsel to the Trustee in this case.

6. The Trustee anticipates that the professional services to be rendered by MBCB include, but are not limited to the following services:

    a. Prepare motions, applications, and conducting examinations incidental to the administration of the bankruptcy estate;

    b. Assist the Trustee in the disposition of assets of the bankruptcy estate pursuant to section 363 of the Bankruptcy Code;

    c. Provide litigation services relating to claims objections and proceedings to determine the extent, validity, and priority of claims;

    d. Act as local counsel to Fox Rothschild LLP for the Non-Insider Avoidance Action;

    e. Collect and execute on judgments obtained on behalf of the Trustee pursuant to chapter 5 of the Bankruptcy Code in actions against non-insiders; and

    f. Provide assistance to the Trustee as to any and all other action incident to proper preservation and administration of the assets of the estate.

7. The Trustee proposes to engage MBCB to perform legal services based on its standard hourly rates. The current standard hourly rates for MBCB's attorneys and paraprofessionals are as follows:

| Name | Rate |
|---|---|
| Weston Overturf, Partner | $325 |
| Sarah Fowler, Senior Associate | $300 |
| Brenda Kpotufe, Associate | $250 |
| Deidre Gastenveld, Paralegal | $150 |

If this Application is approved, MBCB will seek compensation from and after June 25, 2018 based on the foregoing hourly rates. MBCB's standard hourly rates are reviewed annually at the end of the calendar year. Following such review, the hourly rates for specific attorneys and for

paraprofessionals may increase, decrease, or remain unadjusted based on MBCB's assessment of current economic conditions. If the Court approves MBCB's employment, all compensation sought shall be determined by the Court upon proper application at MBCB's then-current hourly rates.

8. As contemplated by Bankruptcy Rule 2014(b), other attorneys associated with MBCB, including attorneys who later join MBCB, may provide legal services to the Trustee in connection with this bankruptcy case for which MBCB will seek compensation based on an hourly rate. The hourly rates for these attorneys will (a) be commensurate with the range of hourly rates for the attorneys identified above, (b) correspond with such attorney's experience, and (c) represent rates commonly charged for such attorney's services in matters involving similar work.

## GROUNDS FOR RELIEF REQUESTED

9. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> the trustee, with the court's approval, may employ one or more attorneys . . . , that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

10. Section 328(a) of the Bankruptcy Code goes on to provide, in relevant part, as follows:

> [t]he trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

11. Relatedly, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, as follows:

3

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

12. In this case, the Trustee has selected MBCB to serve as general counsel to assist the Trustee in executing his duties at the Chapter 7 Trustee and to properly administer the assets of the estate. The Trustee has selected MBCB because, among other things, counsel with primary responsibility for representing the Trustee has recently left Ice Miller LLP and joined MBCB. As a result, in addition to having experience in matters of this character, MBCB also now has knowledge of the Debtor and the activities that have occurred in this case prior to the Conversion Date, as Ice Miller LLP previously served as counsel to the Official Committee of Unsecured Creditors. Accordingly, the Trustee believes that MBCB is well qualified to represent him in this chapter 7 case.

13. For the sake of clarity, the employment of MBCB as counsel to the Trustee is intended to replace the representation previously provided Ice Miller LLP such that there are no duplicate efforts on behalf of the Trustee. To this end, Ice Miller LLP has filed their final applications for compensation in this matter. [*See* Doc. Nos. 582 and 582].

14. To the best of the Trustee's knowledge and as disclosed by MBCB in the *Affidavit of Weston Overturf in Support of Application to Employ Mattingly Burke Cohen & Biederman LLP as Counsel to the Chapter 7 Trustee as of June 25, 2018* (the "Overturf Affidavit") attached as Exhibit A and incorporated herein, MBCB and its partners and associates do not hold or represent any interest that is materially adverse to the interests represented by the Trustee, and MBCB and its partners and associates are disinterested persons within the meaning of Section 101 of the Bankruptcy Code, as set forth in the Affidavit.

15. As set forth in the Overturf Affidavit, MBCB may have previously represented, may currently represent, and may in the future represent, entities that are claimants of the Debtor or other parties-in-interest in this case in matters unrelated to the Debtor. MBCB has not, except as otherwise disclosed in the Overturf Affidavit, and will not represent any such party, or any of their affiliates or subsidiaries, in relations to the Debtor or this Chapter 7 case.

16. The Trustee believes that the terms on which he proposes to employ MBCB are usual and customary for the work to be performed and are squarely in-line with the fees routinely allowed in cases in the Seventh Circuit.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing the Trustee to retain and employ MBCB as counsel as of June 25, 2018, with compensation and reimbursement of expenses to be paid as an administrative expense of the estate as set forth herein and granting the Trustee all other just and proper relief.

.

Dated: July 9, 2018

Respectfully Submitted,

/s/ Randall L. Woodruff
Randall L. Woodruff, Chapter 7 Trustee for the
Bankruptcy Estate of S&S Steel Services, Inc.
115-A E. Ninth St.
Anderson, IN 46016
(765) 644-6464
rlwtrustee@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, a true and correct copy of the foregoing was served upon on those parties receiving electronic notification *via* the Court's ECF notification system.

I further certify that on July 9, 2018, a true and correct copy of the foregoing was served upon the parties on the following parties *via* U.S. Postal Service, first class mail, postage pre-paid.

N/A

/s/ Sarah L. Fowler
Sarah L. Fowler

**Exhibit A**

**Overturf Affidavit**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-07401-JJG |
| S&S STEEL SERVICES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**AFFIDAVIT OF WESTON OVERTURF IN SUPPORT OF APPLICATION TO EMPLOY MATTINGLY BURKE COHEN & BIEDERMAN LLP AS COUNSEL TO CHAPTER 7 TRUSTEE AS OF JUNE 25, 2018**

Weston Overturf, having first been duly sworn, says as follows:

1. I am an attorney, admitted to practice before the United States District Court for the Northern and Southern Districts of Indiana, and a partner with the firm of Mattingly Burke Cohen & Biederman LLP ("MBCB"), which maintains an office at 155 E. Market St., Suite 400, Indianapolis, IN 46204.

2. Randall L. Woodruff, the duly acting and appoint trustee in this case ("Trustee") has requested that MBCB serve as general counsel to the Trustee.

3. Based upon the experience of MBCB in bankruptcy, insolvency, and corporate reorganization law, including experience in representing chapter 7 trustees, and the experience of one of the MBCB attorneys representing the Official Committee of Unsecured Creditors in this matter, MBCB is well qualified to represent the Trustee in this case.

4. I have advised the Trustee that, to the best of my knowledge, neither I nor any partner, associate, or professional employee of MBCB own or represent any interests materially adverse to the interests represented by the Trustee, and that MBCB and its partners and associates are disinterested persons within the meaning of 11 U.S.C. § 101.

5. MBCB maintains a computerized databased which contains, *inter alia*, (1) all present and former clients of MBCB, (2) the names of the parties who are or were related or adverse

to such client, and (3) the names of the MBCB personnel who are or were responsible for the matter. MBCB has searched the database and compared the names of the persons and entities listed on **Schedule A** to this Affidavit to determine whether MBCB may have a potential conflict or connection with the persons or entities listed therein (collectively, the "Interested Parties").

6. Based on the results of MBCB's search of its database, it appears that MBCB does not hold or represent any interest adverse to and has no connection with the entities listed on **Schedule A**.

7. Subject to this Court's approval and in accordance with Section 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of this Court, the Trustee requests that MBCB be compensated on an hourly basis based on MBCB's standard hourly rates. The current standard hourly rates for MBCB's attorneys and paraprofessionals are as follows:

| | |
|---|---|
| Weston Overturf, Partner | $325 |
| Sarah Fowler, Senior Associate | $300 |
| Brenda Kpotufe, Associate | $250 |
| Deidre Gastenveld, Paralegal | $150 |

MBCB will seek compensation from and after May 3, 2017 based on the foregoing hourly rates. Ice Miller's standard hourly rates are reviewed annually at the end of the calendar year. Following such review, the hourly rates for specific attorneys and for paraprofessionals may increase, decrease, or remain unadjusted based on Ice Miller's assessment of current economic conditions. If the Court approves MBCB's employment, all compensation sought shall be determined by the Court upon proper application at MBCB's then-current hourly rates.

8. As contemplated by Bankruptcy Rule 2014(b), other attorneys associated with MBCB, including attorneys who later join MBCB, may provide legal services to the Trustee in connection with this bankruptcy case for which MBCB will seek compensation based on an hourly

2

rate. The hourly rates for these attorneys will (a) be commensurate with the range of hourly rates for the attorneys identified above, (b) correspond with such attorney's experience, and (c) represent rates commonly charged for such attorney's services in matters involving similar work.

9. Additionally, MBCB will be reimbursed for any actual and necessary expenses incurred in its representation of the Trustee.

10. The fees to be charged by MBCB are usual and customary for the work to be performed and are squarely in-line with the fees routinely allowed in cases in the Seventh Circuit.

11. By reason of the foregoing, I submit that MBCB is eligible for employment and retention by the Committee pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

Further Affiant saith not.

Dated: July 9, 2018              /s/ Weston Overturf
                                 Weston Overturf

## Schedule A

**Debtor**
S&S Steel Service, Inc.

**Debtor's Lender**
Well Fargo Bank, N.A.

**Defendants of Current Lawsuits Pending on Behalf of the Trustee**
5k Express
Allied Steel
Associated Steel Trading
Mainline Metals
North Shore Metals
Pacific Steel
Pro Met Steel
The Sullivan Corporation
TriAmerica
Unifirst
Wellington Steel Supply
Wolverine Steel
Lead Dog Transport LLC
Nahum Enterprises LLC
SAS LLP
Z&S Sharp Real Estate Inc.
Barry Sharp
Sheree Sharp
Shannon Sharp
Zachary Sharp