UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| S&S STEEL SERVICES, INC., | )  Case No. 15-07401-JJG-7A |
| | ) |
| Debtor. | ) |

**LIMITED OBJECTION TO FINAL FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Creditors and parties in interest Barry Sharp, Sheree Sharp, Zachary Sharp, Shannon Sharp, SAS LLP, Z&S Sharp Real Estate, Inc., Nahum Enterprises, LLC and Lead Dog Transport, LLC (the "Sharp Parties") file their Limited Objection to the Final Applications of Ice Miller LLP for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel and Special Counsel to the Chapter 7 Trustee (the "Applications") [Dkts. 582 and 583] as follows:

SUMMARY

1.  The Sharp Parties object to the Applications as Ice Miller seeks final allowance and present payment of any fees and expenses awarded pursuant to 11 §§ U.S.C. 327, 330 and 503, in contravention of 11 § U.S.C. 726, which, in turn, provides for distributions in accord with a trustee's final report. However, absent an interim award, bankruptcy professionals must wait until the conclusion of the underlying bankruptcy case for compensation and reimbursement. *In re Kids Creek Partners, L.P.*, 236 B.R. 871 (Bankr. N.D. Ill 1999). While Ice Miller arguably may seek an interim allowance and distribution pursuant to 11 U.S.C. §§ 330 and 331, here, the Applications seek *final* award and distribution in contravention of 11 U.S.C. § 726. More importantly, an interim award and payment of fees to professionals retained by the Trustee remains subject to further review by the Court until a final award and distribution in accord with section 726. *Matter of Taxman Clothing Co.,* 49 F.3d 310, 314 (7th Cir. 1995); *Brouwer v. Ancel Dunlap (In re Firstmark*

*Corp. & Capitol Sec.),* 46 F.3d 653, 657-59 (7th Cir. 1995). Control over distributions and non-finality of fee awards is especially important in a Chapter 7 case such as this where chapter 11 administrative claims (or higher priority pursuant to 11 U.S.C. § 365(d)(3)) remain unpaid, the estate may be administratively insolvent, and the professionals seeking allowance of fees and distribution in the Chapter 7 case are the same professionals awarded and paid significant fees in the pre-conversion Chapter 11 case. In similar cases, courts have ordered disgorgement of prior interim awards to satisfy the distribution scheme set forth in 11 U.S.C. § 726 and provide for pro rata distributions to similarly situated creditors.[1] *Matz v. Hoseman*, 197 B.R. 635 (N.D. Ill. 1996).

ARGUMENT

2.      This case was originally commenced as a Chapter 11 proceeding pursuant to a petition filed by Debtor, S&S Steel Services, Inc. ("Debtor") on August 31, 2015 (the "Petition Date") and was thereafter converted to a Chapter 7 case on January 21, 2016 (the "Conversion Date").

3.      Ice Miller, who previously served as local counsel for the Official Committee of Unsecured Creditors (the "Committee"), with Fox Rothschild LLP serving as lead counsel, was approved as general counsel for the Trustee and special counsel for the Trustee in all avoidance actions except actions against insiders, namely the Sharp Parties. [Dkts. 233, 253, 440]

4.      On January 20, 2017, the Trustee commenced an adversary proceeding against the Sharp Parties as Adversary Proceeding No. 17-50043, which remains pending and is apparently the only pending adversary proceeding.

5.      On October 23, 2017, certain Sharp Parties, namely SAS LLP, Z&S Sharp Real Estate, Inc. and Nahum Enterprises, LLC (collectively, "Lessors") filed Applications for

---

[1] The Sharp Parties who hold claims and administrative expenses reserve their rights to seek or to compel the Trustee to seek disgorgement as appropriate in this case.

Allowance and Payment of Claims related to unpaid rent of approximately $180,000 from Debtor for the post-petition Chapter 11 period (the "Rent Claims"), which remain pending. [Dkts. 499-501]

6. As set forth in the Rent Claims, Lessors allege that the unpaid rent constitutes a first/super-priority Chapter 11 expense prior to any other claims or expenses, including, inter alia, Chapter 7 administrative expenses. *See* 11 U.S.C. § 365(d)(3). If this Court does not award the Rent Claims priority as section 365(d)(3) claims, these unpaid rents are nonetheless entitled to Chapter 11 administrative expense status. Under either scenario, this Court should not permit the few estate assets to be distributed in a manner inconsistent with 11 U.S.C. § 726, which may then require disgorgement in order to satisfy the statutory distribution scheme.

7. Since the Petition Date, Ice Miller has been paid $111,189.46 and $10,143.15 for fees and expenses, respectively, of which $45,326.00 and $2,942.74 represent Chapter 11 fees and expenses, and $65,863.46 and $7,200.41 represent Chapter 7 special counsel fees and expenses. [Dkts. 260, 476] In its Applications, Ice Miller seeks additional allowance and *immediate* payment of additional Chapter 7 special counsel and general fees and expenses of $67,036.82 and $4,403.46, respectively. [Dkts. 260, 476, 582, 583]

8. Per the Applications, Ice Miller also seeks *final* allowance of all fees and expenses incurred in the Chapter 7 case, a total of $144,504.15, of which $132,900.28 represents fees as general and special counsel for the Chapter 7 trustee and $11,603.87 represents expenses incurred as special counsel. [Dkts. 582, 583]

9. On July 26, 2018, the Trustee filed an Interim Report stating that the estate holds $395,849.30 as of June 30, 2018. [Dkt. 600]

10. Pursuant to an agreement with the Trustee and as set forth in an Order entered by this Court, Wells Fargo agreed to subordinate fifty percent (50%) of Avoidance Action <u>recoveries</u> to Chapter 7 administrative claims. [Dkt. 410] In addition, the Trustee agreed to an allowed section 364 ("diminution in value") super-priority claim of $1,066,283 (the "Wells Fargo Claim"). The Order is silent as to any other subordination or agreement with respect to the Wells Fargo Claim or the carve-out *vis a vis* other estate funds or claims, including Chapter 7 and 11 administrative expenses.[2]

11. As of the Interim Report, Wells Fargo had received $253,608.08 from avoidance action recoveries, leaving an unpaid Wells Fargo Claim of $812,647.92. Thus, the Chapter 7 trustee (and estate) is similarly entitled to a $253,608.08 'carve-out' for payment of, *inter alia*, Chapter 7 administrative expenses.

12. Assuming that the balance of the Wells Fargo Claim (over $500,000) is subordinate to all other claims, it is unclear whether there are funds sufficient to satisfy all unpaid administrative claims. And assuming that there are insufficient funds to pay unpaid Chapter 11 administrative expenses, the Lessors reserve their right to compel the Trustee to seek disgorgement from other Chapter 11 administrative claimants who have received more than their distributive share pursuant to 11 U.S.C. 726, including, *inter alia*, Ice Miller. In such case, and in accord with 11 U.S.C. § 726 which provides for fee award distributions at the end of the case (absent 331 approval), any required disgorgement from these same professionals will be furthered by not authorizing further payment of Chapter 7 fees to such entities. In any case, any award and payment

---

[2] The Trustee asserts that this Order permits distribution of the 50% 'carve out' of avoidance recoveries notwithstanding Wells Fargo's allowed 507(b) super-priority claim. Consequently, under the Trustee's construction of the Order, if and to the extent that Chapter 7 administrative expenses are less than $253,608.08, such funds should be available to pay Chapter 11 administrative expenses, including the Rent Claims.

of Chapter 7 professional fees here should be interim only and subject to this Court's review depending on the perspective of the end of this case and equality of distributions to similarly-situated creditors.

13. Here, the Sharp Parties object to payment to Ice Miller, or any other Chapter 7 administrative expense claimant, unless and until the Rent Claims are determined and paid and/or it is determined that the estate had sufficient funds to pay all unpaid administrative expenses, including those under Chapter 7 and Chapter 11. At a minimum, any allowance should not be deemed "final" until the case is at a close and any payment should remain subject to disgorgement.

Respectfully Submitted,

/s/Christine K. Jacobson
Christine K. Jacobson
Michael W. Hile
Jacobson Hile Kight LLC
One Indiana Square, Suite 1600
Indianapolis IN 46204
Cjacobson@jhklegal.com
mhile@jhklegal.com
317.608.1132

Counsel for the Sharp Parties

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served this 15th day of August, 2018 upon all persons who have requested service via the Court's ECF filing system and upon the following by U.S. First Class mail, postage prepaid:

Bose McKinney & Evans LLP
111 Monument Circle, Ste 2700
Indianapolis, IN 46204

Focus Management Group
5001 W. Lemon St
Tampa, FL 33609

Marietta Financial Services, Inc.
4622 West 72nd Street, Suite C
Indianapolis, IN 46268

Timberlea Steel Inc.
3455 Harvester Road, Unit #8
Burlington, L7N3P2

/s/*Christine K. Jacobson*
Christine K. Jacobson
JACOBSON HILE KIGHT LLC
211 N. Pennsylvania, Suite 1600
Indianapolis, Indiana 46204
317-608-1132
Cjacobson@jhklegal.com