UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| S&S STEEL SERVICES, INC. | ) Case No. 15-07401-JJG |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |
| | ) |

**MOTION TO COMPROMISE AND SETTLE CLAIMS
PURSUANT TO FED. R. BANKR. P. 9019 AND NOTICE OF OBJECTION DEADLINE**

Randall L. Woodruff ("Trustee"), Chapter 7 Trustee for the bankruptcy estate of S&S Steel Services, Inc. ("Debtor"), by counsel, pursuant to Fed. R. Bankr. P. 9019 and S.D. Ind. B-9019-1, requests that the Court enter an order authorizing the Trustee to compromise and settle certain claims asserted by the Trustee against Barry Sharp, Sheree Sharp, Shannon Sharp, Zachary Sharp, Z&S Sharp Real Estate, Inc., SAS LLP, Nahum Enterprises, LLC and Lead Dog Transport LLC (collectively, "Defendants") on the following grounds:

**BACKGROUND**

1. On August 31, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). [Dkt. No. 1].

2. Following a sale of substantially all of the Debtor's assets, on January 21, 2016, the Court entered the *Order Converting Case to Chapter 7*. [Dkt. No. 180].

3. The Trustee was appointed pursuant to the Notice of Chapter 7 Bankruptcy Case filed on January 21, 2016. [Dkt. No. 181].

1

4.  On January 20, 2017, the Trustee filed a complaint against the Defendants asserting several claims, including breaches of fiduciary duties and avoidance and recovery of fraudulent and preferential transfers, among other claims, in an adversary proceeding captioned *Woodruff v. Sharp, et al. (In re S&S Steel Services, Inc)*, Adv. No. 17-50043 (the "Adversary Action"), which action is pending before the Court.

5.  The Defendants asserted various defenses in the Adversary Action and the Trustee and the Defendants engaged in discovery, mediation and other settlement discussions.

6.  Certain of the Defendants filed proofs of claim and applications for allowance and payment of administrative expenses in the Bankruptcy Case. [Dkt. Nos. 84-86, 499-501]. These claims were thereafter allowed as Chapter 11 administrative expense claims pursuant to Agreed Entries which were approved by the Court, in an aggregate amount of $168,302.23 (the "Allowed Rent Claims"). [Dkt. Nos. 614-616, 625-627].

7.  After reviewing the parties' respective rights, obligations, and financial circumstances and conducting an analysis of the facts and circumstances surrounding the Trustee's claims asserted in the Adversary Action and engaging in settlement discussions with the Defendants, the Trustee has entered into a settlement agreement with Defendants pursuant to which the Defendants would pay a sum of $50,000.00 and assign the Allowed Rent Claims to the Trustee for the benefit of the estate in exchange for mutual releases (the "Settlement").[1]

8.  More specific terms of the Settlement are set forth in the Settlement Agreement and Mutual Release attached hereto as Exhibit A, and incorporate herein by reference (the "Settlement Agreement").

---

[1] This Motion and any summary of the Settlement and/or the Settlement Agreement (defined below) contained herein do not limit or alter the Settlement Agreement in any way.

2

**RELIEF REQUESTED**

9.   By this Motion, the Trustee requests the Court enter an order approving the Settlement, whereby the Court authorizes the Trustee to settle the claims asserted against the Defendants pursuant to the terms set forth in the Settlement Agreement.

**GROUNDS FOR RELIEF**

10.   Federal Rule of Bankruptcy Procedure 9019(a) provides that the Court may approve a compromise or settlement after motion by the Trustee, notice to creditors, and a hearing. Section 102 of the Bankruptcy Code provides that notice and a hearing means after appropriate notice and opportunity for a hearing but authorizes action without a hearing if no timely objection is made.

11.   Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether the proposed settlement is fair and equitable and in the best interest of the estate", the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement. *Depoister v. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not undertake an independent investigation of the facts and may give weight to the trustee's informed judgment and consider the competency and experience of counsel supporting the compromise. *Id.*; *In re Int'l Distr. Ctrs., Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

12.   The factors relevant to the Court's inquiry include (a) the probability of success in litigation; (b) the complexity of litigation involved and the expense, inconvenience, and delay necessarily attending it; and (c) the paramount interest of creditors. *In re Am. Reserve Corp.*, 841

F.2d 159, 161 (7th Cir. 1987); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

13.     After thoroughly analyzing the Trustee's claims and the defenses asserted thereto, the Trustee believes that the Settlement is a reasonable exercise of sound business judgment and in the best interest of the estate and the Debtor's creditors. Additionally, the Settlement is within the scope of what might be recovered after a trial but will avoid the inherent risk that the Trustee will not prevail or may only prevail partially on the merits; and acceptance of the Settlement will avoid litigation and collection expenses, which may outweigh any additional recovery that the Trustee may achieve.

**NOTICE: <u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy Case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to approve the compromise and Settlement, or if you want the Court to consider your views on the Motion, then on or before [April 23, 2019] (**21 days** from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

116 U.S. Courthouse
46 E. Ohio Street
Indianapolis, IN 46204

If you mail your objection to the Court, you must mail it early enough so the Court will **receive** it on or before the date shown above.

You must also send a copy of your objection to the undersigned.

4

If you or your attorney do not take these steps, the Court may decide that you do not oppose the compromise and Settlement and may enter an ordering granting that relief.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (a) approving the Settlement on the terms and conditions set forth herein and more specifically detailed in the Settlement Agreement; (b) authorizing the Trustee to execute all necessary documents and releases required to complete the Settlement; and (c) granting the Trustee all other just and proper relief.

Dated: April 2, 2019

                                              Respectfully submitted,

                                              By: /s/ Sarah L. Fowler
                                              Sarah L. Fowler, #30621-49
                                              Weston E. Overturf, #27281-49
                                              MATTINGLY BURKE COHEN & BIEDERMAN LLP
                                              155 E. Market St. Suite 400
                                              Indianapolis, IN 46204
                                              (317) 664-7136
                                              sarah.fowler@mbcblaw.com

                                              *Attorneys for Randall L. Woodruff, as Chapter 7 Trustee for the Bankruptcy Estate of S&S Steel Services, Inc.*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on April 2, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Kayla D. Britton | kayla.britton@faegrebd.com |
| Jay Jaffe | jay.jaffe@faegrebd.com |
| Beth Kramer | beth.kramer@usdoj.gov |
| Sarah L. Fowler | sarah.fowler@icemiller.com |
| Paul J. Labov | plabov@foxrothschild.com |
| Jason C. Manfrey | jmanfrey@foxrothschild.com |
| Michael G. Menkowitz | mmenkowitz@foxrothschild.com |
| Gregory Ostendorf | gostendorf@scopelitis.com |
| John Thomas Piggins | pigginsj@millerjohnson.com |
| Deborah J. Caruso | dcaruso@rubin-levin.net |
| Meredith R. Theisen | mtheisen@rubin-levin.net |
| Henry A. Efroymson | henry.efroymson@icemiller.com |
| James P. Maloy | jmoloy@boselaw.com |
| Weston Erick Overturf | woverturf@boselaw.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| Randall L. Woodruff | rlwtrustee@comcast.net |
| Neal Anthony Brackett | nbrackett@btlaw.com |
| Terry M. Giebelstein | tgiebelstein@l-wlaw.com |
| Barry David Goloboff | bgoloboff@sbcglobal.net |
| Jeffrey M. Hester | jhester@hbkfirm.com |
| Julie L. Hieatt | attorney9116@gmail.com |
| Michael W. Hile | mhile@jacobsonhile.com |
| Christine K. Jacobson | cjocobson@jacobsonhile.com |
| Dana S. Katz | dkatz@foxrothschild.com |
| John B. LaRue | bankruptcy@johnblarue.com |
| John Hubbs Lewis | lewis@lewisandwilkins.com |
| Whitney L. Mosby | wmosby@bgdlegal.com |
| Mark R. Owens | mowens@btlaw.com |
| Wesley N. Steury | Steury@burtblee.com |
| Jonathan David Sundheimer | jsundheimer@btlaw.com |
| Elizabeth C. Viele | eviele@foxrothschild.com |
| James T. Young | james@rubin-levin.net |

      I further certify that on April 2, 2019, a copy of the foregoing document was mailed by first-class U.S. Mail, postage prepaid, or via electronic transmission by this office, and properly addressed to the following:

See attached Exhibit B

                                                    /s/ Sarah L. Fowler
                                                    Sarah L. Fowler