# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made this 2nd day of April, 2019, by and between Randall L. Woodruff, as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of S&S Steel Services, Inc. (the "Debtor"), on the one part, and Barry Sharp, Sheree Sharp, Shannon Sharp, Zachary Sharp, Z&S Sharp Real Estate, Inc., SAS LLP, Nahum Enterprises, LLC, and Lead Dog Transport LLC, on the other part, (collectively, "Defendants" and together with the Trustee, the "Parties").

## RECITALS

A.    On August 31, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"), captioned Case No. 15-07401 (the "Bankruptcy Case"). The Debtor operated as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code until January 21, 2016, when the case was converted to a case under Chapter 7 of the Bankruptcy Code and the Trustee was appointed.

B.    On January 20, 2017, the Trustee filed a complaint (the "Complaint") against the Defendants asserting several causes of action including breaches of fiduciary duties and avoidance and recovery of fraudulent and preferential transfers, among other claims, in an adversary proceeding captioned *Woodruff v. Sharp, et al. (In re S&S Steel Services, Inc.)*, Adv. No. 17-50043 (the "Adversary Action"), which is pending in the Bankruptcy Court.

C.    The Defendants have asserted various defenses in the Adversary Action.

D.    On October 23, 2017, certain Defendants filed the following proofs of claim (each a "Proof of Claim") and related Applications for Allowance of Administrative Expenses (each, an "Application") in the Bankruptcy Case with respect to unpaid post-petition rent:

  i. Proof of Claim No. 84 and related Application [Docket No. 499] by Defendant Z&S Sharp Real Estate, Inc. in the amount of $55,000.00;

  ii. Proof of Claim No. 85 and related Application [Docket No. 500], filed by Defendant Nahum Enterprises, LLC in the amount of $54,984.60; and

  iii. Proof of Claim No. 86 and related Application [Docket No. 501] by Defendant SAS, LLP in the amount of $72,510.90.

E.    The Proofs of Claim were thereafter allowed as Chapter 11 administrative expense claims under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code in the Bankruptcy Case by the Bankruptcy Court (collectively, the "Allowed Rent Claims"), pursuant to Agreed Entries which were thereafter approved by the Bankruptcy Court on September 25, 2018 as follows:

1

      i. Defendant Z&S Sharp Real Estate, Inc.: $55,458.33 [Docket Nos. 614, 624, 627];

      ii. Defendant Nahum Enterprises, LLC: $40,333.00 [Docket Nos. 616, 623, 626]; and

      iii. Defendant SAS, LLP $72,510.90 [Docket Nos. 615, 622 625].

F. After a mediation and settlement negotiations between the Parties, subject to Bankruptcy Court Approval (defined below), the Parties have agreed to resolve all claims between the Parties, including those contained in the Complaint and the Allowed Rent Claims, and therefore enter into this Agreement as set forth hereinbelow.

## AGREEMENT

NOW, THEREFORE, in consideration of the Recitals, the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. <u>Incorporation of Recitals</u>. The foregoing recitals are true and correct and incorporated herein as substantive provisions and not as mere recitals.

2. <u>Payment to the Trustee.</u> Within five (5) business days of Bankruptcy Court Approval (defined below), the Defendants shall deliver to Fox Rothschild LLP, counsel to the Trustee, c/o Dana S. Katz, 1225 17th Street, Suite 2200, Denver, Colorado 80202, a check made payable to "The Bankruptcy Estate of S&S Steel Services, Inc." in the amount of fifty-thousand and no/100 dollars ($50,000.00) (the "<u>Settlement Amount</u>").

3. <u>Dismissal of Avoidance Action.</u> Within five (5) business days of receipt of the Settlement Amount, the Trustee shall cause the Adversary Action to be dismissed with prejudice.

4. <u>Assignment of the Allowed Rent Claims</u>. Effective upon dismissal of the Adversary Action, the Defendants hereby assign all right, title and interest in the Allowed Rent Claims to the Trustee. For avoidance of doubt, provided that the Trustee fulfills all of his obligations hereunder, the Defendants will not receive any payments or distributions on account of the Allowed Rent Claims.

5. <u>No Obligation to Voluntarily Assist</u>. Defendants shall have no obligation to assist the Trustee voluntarily to recover worker's compensation refunds and/or insurance proceeds. However, no provision of this Agreement, including without limitation, this Section 5, shall limit or eliminate the Trustee's ability and/or rights to subpoena and/or compel information, documents and/or testimony from Defendants under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure or other applicable law.

6. <u>Motion to Approve Agreement.</u> On or before April 15, 2019, the Trustee shall file a Motion to Compromise (the "<u>9019 Motion</u>"), in a form acceptable to the Defendants, in the Bankruptcy Case requesting that the Bankruptcy Court approve this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Parties acknowledge that this Agreement is subject to Bankruptcy Court Approval (defined hereafter). Unless otherwise agreed by all of the Parties, if the Bankruptcy Court denies the 9019 Motion, this Agreement will be null and void, and the Parties shall each have the same rights that they had prior to the execution of this Agreement.

7. <u>Motion to Abandon Books and Records</u>. On or before April 15, 2019, the Trustee shall file a Motion to Abandon (the "<u>Abandonment Motion</u>"), in a form acceptable to the Defendants, in the Bankruptcy Case requesting that the Bankruptcy Court approve the Trustee's motion to abandon all of the Debtor's books and records in the possession of any of the Defendants and providing that none of the Defendants shall have any liability or responsibility therefore. The Parties acknowledge that this Agreement is subject to Bankruptcy Court Approval (defined hereafter). Unless otherwise agreed by all of the Parties, if the Bankruptcy Court denies the Abandonment Motion, this Agreement will be null and void, and the Parties shall each have the same rights that they had prior to the execution of this Agreement.

8. <u>Release of the Defendants by the Trustee.</u> Effective upon Bankruptcy Court Approval (defined below), the Trustee, for and on behalf of himself and on behalf of the Debtor and the Debtor's bankruptcy estate, and their respective employees, affiliates, predecessors, successors, assigns, agents, trustees, representatives, heirs, attorneys, and insurers, past and present, and all persons acting by, through or under or in concert with any of them, and each of them (collectively referred to as the "<u>Trustee & Agents</u>"), hereby release, acquit, and forever discharge the Defendants and each of their respective owners, investors, parents, shareholders, directors, members, officers, employees, divisions, subsidiaries, affiliates, predecessors, successors, assigns, estates, agents, trustees, representatives, heirs, attorneys and insurers, past and present, and all persons acting by, through, under or in concert with any and all of them, and each of them (collectively, referred to as "<u>Defendants & Agents</u>"), of and from any and all obligations, claims, actions, causes of action, suits, proceedings, demands, damages, liabilities, costs and expenses (including attorneys' fees), whether known or unknown, against any or all of them, arising out of or related to the Complaint, the Adversary Action, the Allowed Rent Claims and/or the Bankruptcy Case except for the obligations of Defendants & Agents under this Agreement, including without limitation, the obligation to pay the Settlement Amount.

9. <u>Release of the Debtor and Trustee by the Defendants.</u> Effective upon Bankruptcy Court Approval (defined below), Defendants & Agents hereby (i) release, acquit and forever discharge, the Trustee & Agents of and from any and all obligations, claims, actions, causes of action, suits, proceedings, demands, damages, liabilities, cost and expenses (including attorneys' fees), whether known or unknown, against any or all of them, arising out or of or related to the Complaint, the Adversary Action, the Allowed Rent Claims and/or the Bankruptcy Case, except for the obligations of the Trustee & Agents under this Agreement; (ii) waive any right to file a claim against the Debtor or its bankruptcy estate, and; (iii) any claim filed by or on behalf of any of the Defendants against the Debtor's estate other than the Allowed Rent Claims, including but

3

not limited to, claims filed pursuant to Bankruptcy Code section 502(h), shall be deemed disallowed and immediately expunged without any further order of the Bankruptcy Court.

10. <u>Bankruptcy Court Approval.</u> "<u>Bankruptcy Court Approval</u>" means that the Bankruptcy Court in the Bankruptcy Case shall have entered Final Orders (as defined below) approving the 9019 Motion and the Abandonment Motion.

11. <u>Final Order.</u> "<u>Final Order</u>" means an order or judgment of the Bankruptcy Court in the Bankruptcy Case as entered on the docket which order has not been reversed, stayed, modified, or amended, and as to which: (a) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely-filed appeal or petition for review, rehearing, remand, or certiorari is pending; or (b) any motion for review or rehearing filed, appeal taken, or petition for certiorari filed has been resolved by the highest court to which the order or judgment was or may be appealed or from which certiorari was or may be sought.

12. <u>Time is of the Essence.</u> The Parties understand and agree that time is of the essence for all obligations under this Agreement.

13. <u>Settlement Discussions.</u> Neither this Agreement, nor any statement made or action taken in connection with, the negotiation of this Agreement or the transactions hereunder, shall be offered or received into evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary (a) to enforce this Agreement or (b) to seek damages or injunctive relief in connection herewith.

14. <u>Authority to Execute.</u> Each person signing this Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to bind such Party to the terms and conditions of this Agreement (and, in the event of the execution of this Agreement by counsel, that his or her client has full knowledge and has consented to this Agreement), and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

15. <u>Voluntary Actions of the Parties.</u> The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement. The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement. The Parties agree that this Agreement has been negotiated at arm's length by parties of equal bargaining power represented by experienced professional advisors. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

16. <u>Attorneys' Fees.</u> In the event that an action is commenced by any Party to enforce the provisions of this Agreement, the prevailing Party shall be entitled to an award, in addition to

any other claims or damages, of its costs and expenses, including attorneys' fees, incurred in connection with said action.

17. <u>Contributions to Preparation of Agreement.</u> The Parties acknowledge, covenant, and agree that each of them has read this Agreement and each understands its terms, including the legal consequences thereof, and that, in offering to make, and in making, executing and delivering this Agreement, none of them was acting under any duress, undue influence, misapprehension, or misrepresentation by any Party or any agent, attorney, or representative of any Party, and that this Agreement was made, executed and delivered as the free and voluntary act of each Party and was given in good faith on the part of each Party with full knowledge of all relevant facts and circumstances as presented. The Parties further acknowledge that each of them was represented by counsel in connection with this Agreement.

18. <u>Entire Agreement.</u> Except as otherwise provided, this Agreement contains the entire agreement between the Parties and no representations or promises, other than those contained or referred to herein, have been made by any Party to any other Party to secure the execution of this Agreement, either before or after the dispute arose.

19. <u>Severability</u>. If any non-material term, covenant, or condition of this Agreement is invalid, illegal, or incapable of being enforced by any law or public policy, all other terms of this Agreement shall nevertheless remain in full force and effect to the fullest extent permissible and in a manner that most closely reflects the Parties' intents.

20. <u>Binding Agreement.</u> This Agreement shall bind and inure to the benefit of the Parties and their respective legal representatives, heirs, successors and assigns.

21. <u>Choice of Law and Venue.</u> The Parties agree that this Agreement is governed by the laws of the State of Indiana and the Bankruptcy Code. Any action arising out of or relating to this Agreement or the enforcement thereof must be brought in the Bankruptcy Court. Each Party hereby consents to the Bankruptcy Court's retention of jurisdiction over this Agreement and any actions arising out of or relating to this Agreement or the enforcement thereof.

22. <u>Execution in Counterparts</u>. This Agreement may be executed by any number of counterparts, each of which will be deemed an original document, but all of which will constitute a single document, provided, however, that this Agreement shall not be binding on or constitute evidence of a contract between the Parties until such time as a counterpart of this Agreement has been executed by each Party and a copy thereof delivered via facsimile or email to each Party or the Party's counsel.

23. <u>Captions.</u> The captions to this Agreement are inserted for convenience of reference only and in no way define, describe, or limit the scope or intent of this Agreement or any of the provisions hereof.

24. <u>No Oral Modifications</u>. No waiver, modification, amendment, discharge or change of this Agreement, except as otherwise provided herein, shall be valid unless the same is

in writing and signed by the Parties against whom the enforcement of such modification, waiver, amendment, discharge or change is sought. No waiver of any particular provision shall constitute a waiver of any other provision of this Agreement. Any such waiver or consent shall be effective only in the specific instances and for the purpose specifically stated therein.

[*remainder of page left intentionally blank*]

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

**"Trustee"**

By:
Randall L. Woodruff Randall L. Woodruff, in his capacity
as Chapter 7 Trustee of the Bankruptcy Estate of S&S Steel Services, Inc.

**"Defendants"**

*[signature]*
Barry Sharp

*[signature]*
Sheree Sharp

*[signature]*
Shannon Sharp

*[signature]*
Zachary Sharp

Z&S Sharp Real Estate Inc.

By: *[signature]*
Name: Barry Sharp
Title: President

SAS LLP

By: *[signature]*
Name: Barry Sharp
Title: President

Nahum Enterprises LLC

By: *[signature]*
Name: Barry Sharp
Title: President

Lead Dog Transport LLC

By: *[signature]*

Name: *Benny Gazi* (signature)
Title: *President* (handwritten)

3
Active\87750900.v4-3/22/19

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

**"Trustee"**

By: *RLWoodruff*
Randall L. Woodruff Randall L. Woodruff, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of S&S Steel Services, Inc.

**"Defendants"**

_____
Barry Sharp

_____
Sheree Sharp

_____
Shannon Sharp

_____
Zachary Sharp

Z&S Sharp Real Estate Inc.

By:_____
Name:_____
Title:_____

SAS LLP

By:_____
Name:_____
Title:_____

Nahum Enterprises LLC

By:_____
Name:_____
Title:_____

Lead Dog Transport LLC

By:_____
Name:_____
Title:_____

7